In the Matter of Debra Lee Fannin HILL, aka Debra Fannin Graham, Respondent.

No. 98S00–0908–DI–367.

Supreme Court of Indiana.

Dec. 10, 2009.

*PUBLISHED ORDER IMPOSING RECIPROCAL DISCIPLINE*

The Indiana Supreme Court Disciplinary Commission filed a "Verified Notice of Foreign Discipline and Petition for Issuance of an Order to Show Cause," advising that Respondent was disciplined by the State of Tennessee and requesting, pursuant to Indiana Admission and Discipline Rule 23(28), that reciprocal discipline be imposed in this state. On August 21, 2009, this Court issued an "Order to Show Cause," to which Respondent has not responded. This case is now before this Court for resolution.

Respondent was admitted to practice law in Indiana and in Tennessee. On July 8, 2009, the Supreme Court of Tennessee found Respondent's conduct violated that jurisdiction's rules of professional conduct. For this misconduct, Respondent was suspended from the practice of law in Tennessee for six months, with one year probation to be served concurrently with the suspension.

The Court finds that there has been no showing, pursuant to Admission and Discipline Rule 23(28)(c), of any reason why reciprocal discipline should not issue in this state.

---

some preferential treatment. *Schultz*, 857 N.E.2d at 980 n. 2.

Being duly advised, **the Court suspends Respondent from the practice of law in this state as of the date of this order.** Respondent is ordered to fulfill the duties of a suspended attorney under Admission and Discipline Rule 23(26). The costs of this proceeding are assessed against Respondent.

If Respondent is reinstated to practice in the foreign jurisdiction, Respondent may file a "Motion for Reinstatement," attaching documents demonstrating such reinstatement, requesting this Court to reinstate Respondent to the practice of law in Indiana. However, regardless of Respondent's date of reinstatement in the foreign jurisdiction, the length of Respondent's suspension in this state shall be a least as long as the length of Respondent's suspension in the foreign jurisdiction. Respondent's motion shall state the length of time Respondent was suspended in the foreign jurisdiction and the date on which the length of Respondent's Indiana suspension equals the length of Respondent's foreign suspension. Reinstatement in Indiana shall be subject to compliance with the terms of Respondent's probation in Tennessee as determined by that jurisdiction. Further, reinstatement in Indiana is contingent on Respondent's cure of her current suspension for noncompliance with this state's continuing legal education requirements.

All Justices concur.